UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

MUHAMMAD AKBAR,

    Petitioner,

v.

U.S. PAROLE COMMISSION, and
BRIAN JETT, Warden,

    Respondents.

Civil No. 09-3073 (DSD/SRN)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this case be summarily dismissed, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

In 1982, Petitioner was convicted in the United States District Court for the Central District of California on charges of "Aircraft-Piracy." (Petition, [Docket No. 1], p. 2.) He received a prison term of 10 to 50 years, and he is presently serving his sentence at the

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

Federal Medical Center in Rochester, Minnesota. (Id.)

Petitioner's conviction was upheld on direct appeal. United States v. Akbar, 698 F.2d 378 (9th Cir.), cert. denied, 461 U.S. 959 (1983). Petitioner also represents that he has challenged his conviction and/or sentence in at least one prior motion brought under 28 U.S.C. § 2255. (Petition, p. 3, ¶ 10.)

In addition, Petitioner has filed at least five prior habeas corpus petitions in this District, seeking relief under 28 U.S.C. § 2241. See Akbar v. Anderson, Civil No. 05-2632 (DSD/SRN); Akbar v. Terrell, Civil No. 07-4530 (DSD/SRN); Akbar v. Babcock, Civil No. 09-810 (DSD/SRN); Akbar v. Jett, Civil No. 09-1592 (DSD/SRN); and Akbar v. Jett, No. 09-3035 (DSD/SRN). Some of Petitioner's prior § 2241 petitions have challenged the validity of his original 1982 criminal conviction, while other petitions have challenged the manner in which his sentence is being executed by the federal Bureau of Prisons, and the United State Parole Commission, (hereafter "the Commission").

In the present case, Petitioner is challenging an action taken by the Commission on July 29, 2009, which designated Petitioner's parole proceedings as an "Original Jurisdiction" case. (Petition, Exhibit 2.) Although Petitioner was informed that the Commission's action is not appealable, (id.), he nevertheless filed an appeal. (Petition, Exhibit 1.) The Commission acknowledged receipt of Petitioner's appeal, but again informed him that the Original Jurisdiction decision is not appealable. (Petition, Exhibit 3.)

Petitioner is now claiming that he was wrongly denied an opportunity to appeal the Commission's Original Jurisdiction decision. However, the Court finds, for the reasons discussed below, that Petitioner has not presented an actionable habeas corpus claim.

## II. DISCUSSION

The federal regulations governing parole proceedings authorize the Commission to exercise "Original Jurisdiction" over parole decisions in certain types of cases. 28 C.F.R. § 2.17. Designating a case for original jurisdiction effectively "short-cuts" the normal process for making parole decisions. Normally, a hearing examiner conducts a hearing on a prisoner's eligibility for parole, and then makes a recommendation to a Regional Commissioner, who renders a decision. See 28 C.F.R. §§ 2.23 and 2.24. If a prisoner is dissatisfied with the Regional Commissioner's decision, he can appeal to the National Appeals Board. 28 C.F.R. § 2.25. In cases designated for Original Jurisdiction, parole decisions are made directly by the Commission. See Allen v. Hadden, 57 F.3d 1529, 1539 (10th Cir.) (designating a case for Original Jurisdiction under § 2.17 "vests original jurisdiction to make primary parole decisions... in the national commissioners in Washington instead of the local parole commission"), cert. denied, 516 U.S. 1000 (1995); Rastelli v. Warden, Metropolitan Correctional Center, 782 F.2d 17, 21 (2nd Cir. 1986) ("[d]ecisions in original jurisdiction cases are reached by a process involving greater participation by Commission members than in ordinary cases"). If a prisoner is dissatisfied with the Commission's parole decision in an Original Jurisdiction case, he can file a petition for reconsideration. 28 C.F.R. § 2.27.

Cases are designated for Original Jurisdiction based on the criteria listed in § 2.17. Under that list of criteria, a case can be designated for Original Jurisdiction if the prisoner has been "sentenced to a maximum term of forty-five years (or more)." 28 C.F.R. §

2.17(b)(4).[2]

As noted above, Petitioner's case was designated for Original Jurisdiction on July 29, 2009, and Petitioner was given a formal "Notice of Action" that apprised him of that designation. (Petition, Exhibit 2.) The Notice of Action expressly informed Petitioner that the Original Jurisdiction decision is "NOT APPEALABLE," but Petitioner tried to appeal it anyhow. Predictably, the Commission did not act on Petitioner's appeal, but simply reminded him that the Original Jurisdiction decision is not appealable. (Petition, Exhibit 3.)

Petitioner is now seeking habeas corpus review of the Commission's rejection of his appeal, stating – very simply – "Please Allow me to APPEAL ?" (Petition, p. 3, ¶ 9.) Petitioner has offered no grounds for granting him a writ of habeas corpus in this case, and the Court finds that there are at least three reasons why such relief should not be granted.

First, Petitioner has not shown that he has any legal right to appeal the Commission's Original Jurisdiction decision. Petitioner has not cited any federal statute, any section of the Code of Federal Regulations, or any federal case law, that provides for such an appeal. Petitioner cannot claim a constitutional due process right to appeal the Original Jurisdiction designation, because that designation, by itself, has not deprived him of any constitutionally protected life, liberty or property interest. The Original Jurisdiction designation does not deny Petitioner the opportunity for parole, nor does that designation affect the standards and criteria governing his paroleability. Petitioner is still entitled to a

---

[2] A case can also be designated for Original Jurisdiction if the prisoner has "committed serious crimes against the security of the Nation," if his crime "[i]nvolved an unusual degree of sophistication or planning," or if he has "received national or unusual attention because of the nature of the crime, arrest, trial or prisoner status." 28 C.F.R. § 2.17(b)(1), (b)(2)(ii), (b)(3).

hearing on his parole eligibility, and he still has a right to appeal any negative parole decision, by seeking reconsideration pursuant to 28 C.F.R. § 2.27. Thus, Petitioner has failed to show that he has any legal right under the Due Process Clause, (or otherwise), to appeal the Commission's Original Jurisdiction decision.

Furthermore, even if Petitioner had a right to appeal the Original Jurisdiction decision, he could not succeed on such an appeal. The regulations clearly provide that a case can properly be designated for Original Jurisdiction if the prisoner has been sentenced to a maximum prison term of 45 years or more. 28 C.F.R. § 2.17(b)(4). Petitioner has been sentenced to a maximum prison term of 50 years, so he obviously meets the criteria for an Original Jurisdiction designation. Thus, even if Petitioner had a legal right to appeal, the denial of that right would be harmless, because the Commission's Original Jurisdiction decision is clearly sustainable.

Finally, Petitioner is not entitled to a writ of habeas corpus on his "right to appeal" claim, because even if that claim were upheld, Petitioner would not be entitled to an expedited release from custody. Habeas corpus relief is available only for claims which, if vindicated, would invalidate the petitioner's present or future confinement. See Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam) ("If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy"). Here, even if Petitioner could show that he had a legally-enforceable right to appeal the Commission's Original Jurisdiction decision, a judicial recognition of that right would not bring him any closer to freedom. A ruling in Petitioner's favor on his current right to appeal claim would only entitle him to appeal the Original Jurisdiction decision. Such a ruling would not automatically

5

overturn the Commission's Original Jurisdiction designation, and it certainly would not affect any ultimate decision about whether Petitioner should be granted parole.[3] Because a judgment upholding Petitioner's right to appeal claim would not shorten his sentence, that claim cannot properly be raised and adjudicated in a habeas corpus proceeding.

**III.    CONCLUSION**

For all of the reasons discussed above, the Court finds that Petitioner has failed to state a habeas corpus claim on which relief can be granted. The Court will therefore recommend that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules.

Having determined that this action must be summarily dismissed, the Court will further recommend that Petitioner's pending application for leave to proceed in forma pauperis, ("IFP"), be summarily denied.

Finally, the Court notes that Petitioner has now filed four § 2241 habeas corpus actions in the past nine months, and his claims have been getting increasingly feeble in each successive petition. This Court believes that Petitioner's litigation activities have become abusive, and the time has come to restrict his ability to file new actions in this District. The Court therefore recommends that the District Court Judge consider whether Petitioner should be barred from filing any further actions in this District, unless he is

---

[3] Needless to say, Petitioner's ultimate eligibility for parole is not before the Court at this time. The current petition makes no mention of any parole decision that Petitioner might be attempting to challenge here. Furthermore, even if Petitioner were challenging a parole decision, that decision would not be reviewable here. As the Court explained in one of Petitioner's previous habeas cases, a federal district court has no authority to review the Commission's substantive decisions regarding a prisoner's suitability of parole. See Akbar v. Terrell, No. 07-4530 (DSD/SRN), Report and Recommendation dated November 14, 2007, [Docket No. 4], p. 3, and cited cases.)

represented by counsel, or receives pre-authorization from the Court.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be summarily **DENIED**; and

3. This action be **DISMISSED WITH PREJUDICE**.


Dated: November 13, 2009

                                           s/ Susan Richard Nelson
                                           SUSAN RICHARD NELSON
                                           United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 30, 2009**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.